16 F.3d 415
 73 A.F.T.R.2d 94-1144
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark C. BIERHAALDER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-9018.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1994.
 
 ORDER AND JUDGMENT*
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Mark Bierhaalder petitioned the United States Tax Court to review a determination by the Appellee Commissioner of Internal Revenue ("Commissioner") that he is liable for deficiencies in and additions to his federal income tax for the years 1985 through 1988. At trial, Appellant did not testify nor did he move the court to admit any evidence. Ultimately, the court held that the Commissioner's determination was correct. We affirm.
 
 
 3
 On appeal, Appellant does not challenge the substantive findings of the Tax Court; rather, he argues that certain procedural and jurisdictional infirmities require reversal. First, Appellant contends that there was no evidence before the court that the Commissioner had made a deficiency determination. Thus the court lacked proper jurisdiction and its holding was in error as it was based on evidence outside the record. He also contends that the Commissioner's Request for Admissions allegedly served on Appellant were erroneously deemed by the court to be admitted. Lastly, he claims that the court erred by admitting eighteen exhibits proffered by the Commissioner. We address each of these issues in the order that they are raised.
 
 
 4
 The first claim of error hinges on whether the notice of deficiency was made part of the record when Appellant attached it to his petition for review. Appellant does not deny attaching the notice, but he maintains that merely doing so does not place it into evidence at trial. However, Tax Court Rule 32(c) definitively states that a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Appellant cannot now complain that the court relied on the notice when it was Appellant who attached it to his petition which is a part of the trial record. Consequently, we hold that the trial record was sufficient to support the court's decision against Appellant. Moreover, because there is no dispute that the notice of deficiency was served by mail on Appellant, the Tax Court properly exercised jurisdiction over this case when Appellant timely filed his petition for a redetermination of deficiency. 26 U.S.C.A. 6213.
 
 
 5
 Appellant's second contention is that the court erred by deeming admitted those matters set forth in the Commissioner's Request for Admissions ("Request"). The record reflects that the Request was served on Appellant through the mail in accordance with Tax Court Rule 21(b)(1), which provides that service is complete upon the mailing of the Request. This creates a presumption that the Request was in fact received by Appellant through the normal course of the mail. Neither at trial nor on appeal does Appellant claim that he never received the Request. He simply argues that there was no affirmative proof adduced at trial that he actually obtained the Request. This is insufficient to overcome the presumption that mailing the Request will ultimately result in Appellant's receiving it. Because there is no valid assertion that service was unsuccessful, we agree with the court's decision to deem the matters presented in the Request as admitted by Appellant. See Tax Court Rule 90(c).
 
 
 6
 Lastly, Appellant contends that the court erred by admitting the Commissioner's exhibits "A" through "R" into evidence. Appellant cites no authority for his position, nor does he identify the character of each exhibit making it inadmissible. Although it is well settled that mere conclusory allegations are insufficient to support a claim for relief, we have carefully reviewed the record and can find no abuse of discretion by the Tax Court in admitting the aforementioned exhibits. See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1515 (10th Cir.) (reciting abuse of discretion standard).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. F.R.D. ---